**THE HONORABLE MARY JO HESTON**
**CHAPTER 13**
**HEARING DATE: February 19, 2026**
**HEARING TIME: 1:00 P.M.**
**LOCATION: Tacoma, Washington**
**RESPONSE DATE: February 12, 2026**

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| In re:<br><br>BONNIE E BURNS,<br><br>                                  Debtor. | Case No.: 25-43090-MJH<br><br>**TRUSTEE'S NOTICE AND MOTION TO DISMISS CHAPTER 13 CASE AND BAR RE-FILING BANKRUPTCY FOR 180-DAYS** |

### I. <u>NOTICE</u>

**YOU ARE HEREBY NOTIFIED** that a hearing on Trustee's Motion to Dismiss Chapter 13 Case and Bar Re-filing Bankruptcy for 180 Days will be heard before The Honorable MARY JO HESTON at 1:00 P.M. on the 19th of February, 2026 at the Tacoma Federal Courthouse Union Station, U.S. Bankruptcy Courthouse, 1717 Pacific Avenue, Courtroom H, Tacoma, WA 98402.

**IF YOU OPPOSE** the motion, you must file your written response with the court clerk, serve two copies on the judge's chambers and deliver copies on the undersigned and all interested

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 1

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA  98407
(253) 572-6600

parties, NOT LATER THAN THE RESPONSE DATE, which is February 12, 2026. If you fail to do so, the Court may enter an order granting the motion without any hearing and without any further notice to you.

## II.   MOTION

**COMES NOW** Michael G. Malaier, Chapter 13 Trustee, and moves the Court for an order dismissing this case and barring debtor from re-filing for bankruptcy relief under Chapter 13 of the Bankruptcy Code for 180 days from the date of the order dismissing this case.

## III.   BACKGROUND

This is Debtor's third Chapter 13 case in just over twelve months.

**1. Case No. 24-42112:**

Debtor's initial Chapter 13 case was filed on September 20, 2024. An order extending the time in which to file her Schedules, Statements, and Plan was entered on October 15, 2024. ECF Nos. 11, 13, 14. Despite the extension, Debtor never filed any of the required documents, and, on October 24, 2024, her case was dismissed pursuant to LBR 1017-1(d) and Fed. R. Bankr. P. 3015(b). ECF No. 15.

**2. Case No. 24-42659:**

On November 22, 2024, before the Order closing the previous case was even entered, Debtor filed her second Chapter 13 case. On January 7, 2025, Secured Creditor Eastside Funding, LLC ("Eastside Funding") filed an Objection to Confirmation. ECF No. 34. Eastside Funding objected because the proposed plan was not feasible and did not provide proper treatment for its secured claim. *Id*.

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 2

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

On January 24, 2025, Eastside Funding filed a Motion for Relief from Stay under 11 U.S.C. §362(d)(1) (the "RFS Motion"). ECF No. 35. Per the RFS Motion, on June 14, 2024, approximately four months prior to filing her bankruptcy petition, Debtor executed a business purpose promissory note in favor of Eastside Funding, in the original principal amount of $547,275.00, with a maturation date of June 14, 2025. *Id*. The promissory note was cross-collateralized by one deed of trust securing three separate and distinct real properties commonly described as 1253 S Ridgewood Ave, Tacoma, WA 98405, 1218 S Ridgewood Ave, Tacoma, WA 98405, 1334 Fawcett Ave Unitas and had a maturation date of June 14, 2025. *Id*. The deed of trust was properly recorded. *Id*. Eastside Funding asserted that because Debtor did not have sufficient equity cushion in the properties and that Debtor did not reside in any of the properties were not useful or necessary to reorganization. *Id*. The RFS hearing was set for February 26, 2025.

On January 28, 2025, Trustee filed his Objection to Confirmation with Strict Compliance. ECF No. 36. As set forth in his Objection, Debtor's plan was not feasible, Debtor had failed to timely remit plan payments and her case was delinquent $15,614.00, Debtor had failed to provide any of the requisite 4002 documents, Debtor had not completed her 341 Meeting of Creditors, and notice of her proposed plan is deficient. *Id*.

On January 29, Secured Creditor Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2004-2, Asset-Backed Certificates, Series 2004-2 ("Deutsche Bank") filed its Objection to Confirmation. ECF No. 37. Deutsche Bank asserted a secured interest in the real property commonly described as 1258 S

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 3

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Ridgewood Ave, WA 98405 and objected on the basis that Debtor's proposed plan failed to provide for the $94,645.51 in prepetition mortgage arrears. ECF No. 37.

On February 21, 2025, the Friday before the hearing on Eastside Funding's RFS Motion, Debtor exercised her right under § 1307(b) and voluntarily dismissed her case. The case was pending for four months, but was never confirmed, and no plan payments were ever remitted.

**3. Case No. 25-43090:**

Debtor filed the present Chapter 13 case, *pro se*, on December 12, 2025. Debtor's Petition appears to omit numerous creditors, including Pierce County. ECF No. 1. On December 30, 2025, the Court entered an order extending the time in which to file her Schedules, Statements, and Chapter 13 Plan. ECF No. 13. Review of Debtor's Schedules and Statements reveals numerous deficiencies, including internal inconsistencies, incomplete information, and material omissions. *See* ECF Nos. 15 and 17. Debtor's proposed Plan is inconsistent with her Schedules and Statements, does not properly provide for secured claims, sets forth impermissible terms in Section X, and was not noticed pursuant to the local bankruptcy rules. ECF No. 16. Debtor's first payment of $7,807.80 was due on or before January 12, 2026, but no payment has yet been remitted. *See* Declaration. Debtor's 341 Meeting of Creditors is set for January 29, 2025; however, Debtor has failed to timely provide Trustee with evidence of identification, verification of social security number, the Trustee Information Sheet, bank statements, verification of income, a copy of her most recently filed tax return or declaration of no filing requirement. *See* ECF No. 18.

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 4

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

# ARGUMENT

**A. Cause Exists to Dismiss or Convert Debtors' Case**

    1. <u>Debtor's bad faith conduct constitutes cause for dismissal</u>.

The Bankruptcy Code implicitly and explicitly imposes on debtors a duty of good faith in filing and maintaining bankruptcy actions. *See In re Kinney*, 51 B.R. 840, 845 (Bankr. C.D. Cal. 1985) (citing *In re Thirtieth Place, Inc.*, 30 B.R. 503, 506 (9th Cir. 1983)). Thus, bad faith is cause for dismissal. 11 U.S.C. §1307(c); *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). Bad faith considerations include the debtor's history of filings and dismissals, whether the debtor misrepresented facts in the petition or plan, unfairly manipulated the Bankruptcy Code or otherwise filed the petition or plan in an inequitable manner, whether the debtor intended to defeat state court litigation; and whether egregious behavior is present. *Id*.

    a. *Debtor's history of filings and dismissals evince bad faith*.

Successive filings may be evidence of bad faith. *See In re Taylor*, 884 F.2d 478, 485 (9th Cir.1989). Indeed, the filing of multiple consecutive cases without the intent or ability reorganize or to perform a realistic payment plan constitutes an abuse of the bankruptcy system. *In re Kinney*, at 845 ("In a Chapter . . . 13 reorganization, good faith requires that there must be a reasonable expectation on the part of the debtor that he can successfully reorganize and he must undertake efforts to carry out the reorganization."). Consequently, a debtor who files a subsequent petition after a prior petition is dismissed must not only demonstrate a change in circumstances but also that the subsequent case was filed in good faith. *See In re Huerta*, 137 B.R. 356, 361, 369 (Bankr. C.D. Cal. 1992).

TRUSTEE'S NOTICE AND MOTION TO DISMISS CHAPTER 13 CASE AND BAR RE-FILING BANKRUPTCY FOR 180-DAYS - 5

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Here, Debtor's conduct demonstrates a continued lack of good faith. In each of her three cases, Debtor has failed to propose a feasible plan, has failed to file complete and accurate schedules and statements, has failed to provide Trustee with evidence of income and verification of social security number, has failed to produce any of the requisite 4002 documents, and has failed to remit any plan payments. Moreover, she has offered no explanation to justify the deficiencies, has not demonstrated a change in circumstances, and has not provided any evidence that any of her cases were filed with the intent and ability to reorganize her financial affairs or perform a realistic payment plan. Therefore, her successive filings are an abuse of the bankruptcy system and constitute bad faith.

      b. *Debtor unfairly manipulated the Bankruptcy Code to defeat state court litigation*.

There must be some assurance that the debtor who has invoked the reorganization provisions of the Code does so with the purpose of accomplishing the aims and objections of bankruptcy philosophy and policy. *See In re Klevorn*, 181 B.R. 8, 11 (Bankr. N.D.N.Y. 1995). A bankruptcy court may find a lack of good faith where the debtor's only intended goal of filing a Chapter 13 petition is to delay or frustrate foreclosure. *See In re Powers*, 135 B.R. 980, 994 (Bankr. C.D. Cal. 1991); *In re Kinney*, at 847 (a petition filed merely to delay state court action is not to be deemed a petition filed in good faith).

Here, Debtor has unfairly manipulated the Bankruptcy Code with the intent of defeating state court litigation. The records in her present and previous bankruptcy filings indicate that Debtor holds an interest in no less than four separate and distinct real properties and that each of these properties are subject to foreclosure actions. However, through her repeated filings, Debtor has successfully forestalled her secured creditors from pursuing their rights under state law. She

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 6

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

has improperly taken advantage of the protections of the bankruptcy system to the unfair detriment of her creditors. Such conduct is an abuse of the bankruptcy system and constitutes bad faith.

    c. *Debtor's blatant manipulation of the Bankruptcy Code is egregious*.

Debtor has knowingly, willfully, and repeatedly, utilized bankruptcy for an improper purpose. She has abused the purpose and spirit of the Bankruptcy Code with multiple barebones filings that are fundamentally unfair to her creditors. Her blatant and continued manipulation of the Bankruptcy Code is egregious and constitutes bad faith. Under the totality of the circumstances, Debtor's egregious conduct is cause for dismissal pursuant to § 1307(c).

    2. <u>Debtor has not satisfied the duties required of debtor in Chapter 13.</u>

A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause under § 1307(c)(1). *In re Ellsworth*, 455 B.R. 904, 915 (B.A.P. 9th Cir. 2011).

Here, Debtor has ostensibly filed the requisite schedules, statements, and plan; however, the filings are substantively deficient. Indeed, Debtor's incomplete filings prevent Trustee and creditors from assessing eligibility, determining the applicable commitment period, calculating disposable income, establishing liquidation value, ensuring proper treatment of secured and unsecured claims, and evaluating feasibility. Moreover, Debtor has omitted numerous creditors from her matrix and Schedules and notice of her plan is deficient. The filing of such substantively deficient documents effectively stalls prosecution of Debtor's case and hinders creditors from exercising their rights. Such delay unreasonably prejudices creditors, unduly burdens the resources of the judiciary and Chapter 13 Trustee, and constitutes cause for dismissal pursuant to § 1307(c)(1).

TRUSTEE'S NOTICE AND MOTION TO DISMISS
CHAPTER 13 CASE AND BAR RE-FILING
BANKRUPTCY FOR 180-DAYS - 7

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

## B. Dismissal of Debtor's Case Is Proper

Once the bankruptcy court has determined that cause exists, it still must decide whether conversion or dismissal would be in the best interests of creditors and the estate. 11 U.S.C. § 1307(c); *In re Ho*, 274 B.R. 867, 877 (B.A.P. 9th Cir. 2002).

Given the deficiencies in Debtor's filings, the lack of filed proof of claims due to Debtor's incomplete creditor matrix, and the numerous real properties involved, Trustee is unable to conclusively determine whether conversion, rather than dismissal, would be in the best interests of all creditors. However, dismissal would permit Debtor's secured creditors to finally exercise their rights in state court. Therefore, Trustee concludes that dismissal of this case would be proper and would best benefit known creditors.

## C. A Bar to Refiling is Warranted

A court may impose a bar to refiling due to Debtor's bad faith. *In re Ellsworth*, 455 B.R. 904, 922 (B.A.P. 9th Cir. 2011).

Here, Debtor has not invoked the reorganization provisions of Chapter 13 with the purpose of accomplishing the aims and objections of bankruptcy. Moreover, Debtor's conduct all but guarantees, absent dismissal with a bar to refiling, Debtor will continue to engage in this pattern of filings and dismissals.[1]

---

[1] Absence of the automatic stay is no longer a significant deterrent to successive bad faith filings. These filers know that, even without the automatic stay in effect, state courts are hesitant to act during the pendency of a bankruptcy case and will generally require a comfort order from the bankruptcy court.

TRUSTEE'S NOTICE AND MOTION TO DISMISS CHAPTER 13 CASE AND BAR RE-FILING BANKRUPTCY FOR 180-DAYS - 8

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

**WHEREFORE**, the Chapter 13 Trustee requests that the Court dismiss this case and bar the debtor from re-filing a Petition under this chapter of the Bankruptcy Code for a period of 180 days from the date of the dismissal.

Dated this 23rd day of January, 2026 at Tacoma.

                                            /s/Amanda S. Douglass
                                            Amanda S. Douglass, WSBA #58822 for
                                            Michael G. Malaier, Chapter 13 Trustee

## **CERTIFICATE OF MAILING**

I declare under penalty of perjury under the laws of the United States as follows: I mailed via regular mail a true and correct copy of the Trustee's Notice and Motion to Dismiss Chapter 13 Case with 180 Day Bar to Refiling, Declaration and Proposed Order to the following:

Bonnie E. Burns
1253 S. Ridgewood Ave.
Tacoma, WA  98405

The following parties received notice via ECF:

Michael M. Sperry
United States Trustee

Executed at Ruston, Washington on the 23rd day of January, 2026.

                                            /s/Tracy Maher
                                            Tracy Maher
                                            Office Manager

TRUSTEE'S NOTICE AND MOTION TO DISMISS CHAPTER 13 CASE AND BAR RE-FILING BANKRUPTCY FOR 180-DAYS - 9

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA  98407
(253) 572-6600